ROD M. FLIEGEL, Bar No. 168289
MICHAEL G. PEDHIRNEY, Bar No. 233164
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: rfliegel@littler.com

Attorneys for Defendant
MEDIAN TECHNOLOGIES, INC.

HAL E. WRIGHT, Bar No. 157814
LAW OFFICES OF HAL E. WRIGHT
216 F Street, Suite 116, 20th Floor
Davis, CA 95616
Telephone: 530.848.3069
Facsimile: 530.309.7449
E-mail: hal.wright@sbcglobal.net

Attorneys for Plaintiff
MARK MCGRATH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCGRATH, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>MEDIAN TECHNOLOGIES, INC., a Delaware Corporation; FREDERICK BRAG, in his individual capacity and in his capacity as CEO of Median Technologies, Inc.; GERARD MILHIET, in his individual capacity and in his capacity as Chief Operations Officer of Median Technologies; MICHAEL AUFFRET, in his individual capacity and in his capacity as a Product Manager for Median Technologies; and DOES 1-50,<br><br>Defendants. | Case No. C 06 4429 VRW<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**<br><br>Judge: The Honorable Vaughn R. Walker |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED CONFIDENTIALITY
AGREEMENT AND ORDER

Case No. C-06-4429 VRW

1.    **INFORMATION.** As used in this order, "Information" is defined to mean "(1) documents, discovery responses, deposition transcripts, deposition videotapes, and other material produced or exchanged in the course of this case; (2) any copies, notes, abstracts, or summaries of material produced or exchanged in the course of this case; and (3) any pleading, motion, brief, declaration, transcript, or filing containing such information." Nothing in this order concerns the disclosure or use of information by any party or non-party to its employees, officers, agents and directors if such disclosure or use is made in the ordinary course of business unrelated to this litigation.

2.    **THREE CATEGORIES OF CONFIDENTIAL INFORMATION.** There are three categories of confidential information:

    (a)    CONFIDENTIAL. This Information must meet the standards stated in paragraph 3.

    (b)    CONFIDENTIAL—TO BE FILED UNDER SEAL. This Information must meet the standards in paragraph 3 and the designating party must consider that the Information also meets the standards established by U.S.D.C. N.D. Local Rule 79-5.

    (c)    ATTORNEYS' EYES ONLY. This Information must meet the above standards and the designating party must also reasonably consider that the Information meets the definition of "Trade Secret" in California Evidence Code section 1061(a)(1) and contains confidential, proprietary information, including but not limited to marketing, cost, pricing, salary, market share, or revenue and income information.

3.    **CONFIDENTIAL INFORMATION.** Any party or non-party may designate as "CONFIDENTIAL" any Information that the party or non-party considers to contain information involving trade secrets, confidential business or financial information, or personal information subject to protection under California law. Confidential information includes the names, addresses, telephone

1  numbers, social security numbers, and other personal identifying information of
2  persons who are not named parties in this action. Where a piece of Information
3  consists of more than one page, the first page and each page on which confidential
4  information appears must be so clearly and conspicuously designated.

5      4. **DESIGNATION OF INFORMATION AS CONFIDENTIAL.**

6          (a) A party or non-party producing Information may designate
7  the Information as "CONFIDENTIAL," "CONFIDENTIAL—TO BE FILED UNDER
8  SEAL," and/or "ATTORNEYS' EYES ONLY" by so indicating in the relevant
9  discovery responses or on the record at the deposition and requesting the
10 preparation of a separate transcript of the material.

11         (b) A party or non-party receiving Information may designate
12 the Information as "CONFIDENTIAL," "CONFIDENTIAL—TO BE FILED UNDER
13 SEAL" and/or "ATTORNEYS' EYES ONLY" by stating in writing the specific pages
14 of the Information to be designated within twenty (20) calendar days after receipt
15 of the Information for which the designation is proposed.

16         (c) After any designation made according to the procedure set
17 forth in this paragraph, the designated Information must be treated according to
18 the designation until the matter is resolved according to the procedures described
19 in paragraph 6 below.

20     5. **ALL CONFIDENTIAL INFORMATION TO BE USED ONLY FOR
21 THIS CASE.** All Confidential Information (other than Information that is publicly
22 available) must be used by the party to whom the Information is produced solely
23 and exclusively for the purpose of this case.

24     6. **CHALLENGE TO DESIGNATION.** If a party contends that any
25 Information is not entitled to confidential treatment, such party must promptly
26 provide written notice so stating to the party or non-party who designated the
27 Information as confidential. The party or non-party who designated the
28 Information as confidential has sixty (60) calendar days from the receipt of such

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED CONFIDENTIALITY
AGREEMENT AND ORDER

2.

Case No. C-06-4429 VRW

written notice to apply to the Court for an order designating the Information as confidential.

7. **TREATMENT OF INFORMATION WHILE CHALLENGE IS PENDING.** Notwithstanding any challenge to the designation of Information as Confidential Information, all documents designated as such must be treated as such and are subject to this order unless and until one of the following occurs:

    (a) the party or non-party who claims that the Information is Confidential Information withdraws such designation in writing; or

    (b) the party or non-party who claims that the Information is Confidential Information fails to apply to the Court for an order designating the Information confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court decides the Information is not Confidential Information and all appeals from that have ruling been exhausted.

8. **LIMITATION ON DISCLOSURE OF CONFIDENTIAL INFORMATION.** Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "CONFIDENTIAL" or "CONFIDENTIAL—TO BE FILED UNDER SEAL" must not be disclosed to any person other than:

    (a) the Court and court personnel;

    (b) the court reporter and videographer (if any) present at any hearing, deposition or trial;

    (c) counsel for the respective parties to this litigation, including in-house counsel, co-counsel retained for this litigation, and the employees of counsel;

    (d) persons who authored or prepared the Information;

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER     3.     Case No. C-06-4429 VRW

    (e) the named parties to this litigation, including individual defendants, and any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    (f) percipient witnesses (other than expert witnesses and consultants). A witness must sign the Certification annexed hereto <u>before</u> being shown or otherwise informed of any Confidential Information. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information must be designated "Confidential" pursuant to paragraph 4 above. Witnesses shown Confidential Information are not allowed to retain copies.

    (g) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that if Plaintiffs select a consultant or expert employed by one of Defendant's competitors, Plaintiffs must notify Defendant no less than 10 calendar days before disclosing any Confidential Information to that individual and must afford Defendant a reasonable opportunity to move for a protective order preventing or limiting such disclosure.

    (h) Counsel representing clients asserting similar claims against the same defendants, provided that before disclosing any Confidential Information to any such counsel, the disclosing party must notify the opposing party, or designating non-party, 10 calendar days before disclosing any Confidential Information to that individual and must give the opposing party or non-party a reasonable opportunity to move for a protective order preventing or limiting such disclosure.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED CONFIDENTIALITY
AGREEMENT AND ORDER    4.    Case No. C-06-4429 VRW

9. **LIMITATION ON DISCLOSURE OF ATTORNEYS' EYES ONLY INFORMATION.** Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "ATTORNEYS' EYES ONLY" must not be disclosed to any person other than:

    (a)    the Court and court personnel;

    (b)    the court reporter and videographer (if any) present at any hearing, deposition, or trial;

    (c)    counsel for the respective parties to this litigation, co-counsel retained for this litigation, and the employees of counsel;

    (d)    persons who authored or prepared the Information;

    (e)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that if Plaintiff chooses a consultant or expert employed by Defendant or one of its competitors, Plaintiff must notify Defendant, or designating non-party, 10 calendar days before disclosing any Confidential Information to that individual and must give Defendant an opportunity to move for a protective order preventing or limiting such disclosure.

10. **CERTIFICATION FORM.** Except for persons identified in paragraphs 8(a), (b), (c), and (d) and 9(a), (b), (c) and (d), each person who is authorized by this order to inspect or have access to Information designated as "CONFIDENTIAL" or "CONFIDENTIAL—TO BE FILED UNDER SEAL" and who in fact inspects any such Information must, before conducting the inspection or having the access, must execute the Certificate attached to this order and thereby agree to be bound by its provisions. The Certification forms must be retained by counsel to the party that disclosed the Confidential Information during the pendency of the action and for a period of five years after the conclusion of the action as defined in paragraph 17 below. The Certification forms need not be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED CONFIDENTIALITY
AGREEMENT AND ORDER

5.

Case No. C-06-4429 VRW

1  disclosed to opposing counsel, but opposing counsel may apply to the Court for an
2  order compelling disclosure.

3        11.   **LIMITATION ON USE OF CONFIDENTIAL INFORMATION.**
4  Persons receiving Information designated as "CONFIDENTIAL," "CONFIDENTIAL—
5  TO BE FILED UNDER SEAL," or "ATTORNEYS' EYES ONLY" must not reveal or
6  discuss that information to or with any person who is not entitled to receive the
7  information, except as set forth in this order.

8        12.   **WAIVER OF CONFIDENTIAL DESIGNATION.** Any party or
9  non-party may voluntarily disclose to others without restriction any Information
10 designated by that party or non-party as "CONFIDENTIAL," "CONFIDENTIAL—TO
11 BE FILED UNDER SEAL," or "ATTORNEYS' EYES ONLY."

12       13.   **FILING UNDER SEAL—DISCOVERY MOTIONS.** When filing or
13 opposing a motion for discovery, counsel must file under seal any Information
14 designated as "CONFIDENTIAL—TO BE FILED UNDER SEAL" as well as any
15 materials setting forth the substance of that Information.  Compliance with
16 U.S.D.C. Local Rule 79-5 shall be made.

17       14.   **FILING UNDER SEAL—MOTIONS OTHER THAN DISCOVERY.**
18 When filing or opposing a motion related to matters other than discovery (a
19 "Substantive Motion"), counsel must comply with Local Rule 79-5 with regard to
20 filing under seal any Information designated as "CONFIDENTIAL—TO BE FILED
21 UNDER SEAL" as well as any materials setting forth the substance of that
22 Information.

23       15.   **EFFECT OF SEALING.** If Information or materials setting forth
24 the substance of that Information are placed under seal by the Court, then the
25 sealed Information and material is not to be opened or the contents revealed,
26 except by Order of the Court or agreement of the party, person, or entity who
27 designated the Information as "CONFIDENTIAL—TO BE FILED UNDER SEAL."

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED CONFIDENTIALITY
AGREEMENT AND ORDER      6.      Case No. C-06-4429 VRW

16. **COPIES OF CONFIDENTIAL INFORMATION.** This order does not restrict a person who is properly in the possession of Confidential Information from (1) making working copies, abstracts, digests, and analyses of Confidential Information for use in connection with this litigation, or (2) converting or translating Confidential Information into machine readable form for incorporation in a data retrieval system used in connection with this litigation. Any such copies, abstracts, digests, analyses or data compilations have the same level of protection under the terms of this order as the Information from which they are derived.

17. **CONCLUSION OF LITIGATION.** The Conclusion of this action is defined as 30 days after the expiration of the time to appeal or challenge any final judgment, settlement or consent decree. All provisions of this order restricting the communication or use of Confidential Information continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of this action, a party who received Confidential Information in the context of this action, other than that which is contained in pleadings, correspondence and deposition transcripts, must either (a) return such documents no later than 30 calendar days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon prior, written consent of the party who provided the information and certify in writing within 30 calendar days that the documents have been destroyed.

18. **USE OF INFORMATION AT TRIAL.** This Order does not preclude, limit, restrict or otherwise apply to the use of Information at trial. However, the parties agree to meet and confer in advance of trial to discuss anticipated issues, if any, regarding the use of confidential Information at trial.

19. **APPLICABILITY OF PRIVILEGES AND PROTECTIONS.** Nothing in this order waives any applicable privilege or work product protection,

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED CONFIDENTIALITY
AGREEMENT AND ORDER

7.

Case No. C-06-4429 VRW

1 or affects the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

    **20. EXTENSION TO NON-PARTIES.** Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

    **21. VIOLATIONS.** A party has recourse for violations of this order by way of a motion after notice to the opposing party or other offender and a reasonable opportunity to cure. The procedures for said motions shall be the same as the procedures set forth above for motions to seal.

IT IS SO STIPULATED.

Dated: November 27, 2006

_____
ROD M. FLIEGEL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MEDIAN TECHNOLOGIES, INC.

Dated: November 27, 2006

_____
HAL E. WRIGHT
LAW OFFICES OF HAL E. WRIGHT
Attorneys for Plaintiff
MARK MCGRATH

IT IS SO ORDERED.

Dated: March 15, 2007
DATED: _____, 2006

_____
THE HONORABLE VAUGHN R. WALKER

STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER    8.    Case No. C-06-4429 VRW

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940